UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
JAMAL HART,                                          )
                                                    )
        Plaintiff,                                   )
                                                    )
        v.                                           )        Civil Action No. 08-2032 (CKK)
                                                    )
U.S. DEP'T OF JUSTICE,                               )
                                                    )
        Defendant.                                   )
_____                 )

## MEMORANDUM OPINION

This matter is before the court on the defendant's[1] motion for summary judgment.

Because the record establishes that the defendant is entitled to judgment as a matter of law, the

motion will be granted.

## I.  FACTUAL BACKGROUND

In early 2008, the plaintiff sent a letter request under the Freedom of Information Act

("FOIA"), 5 U.S.C. § 552, to the defendant seeking the "letter of appointment and oath of office"

for Assistant United States Attorneys Kathy L. Echternach and Robert A. Zaumer, who had

prosecuted Criminal Case No. 97-21 in the United States Court for the Eastern District of

Pennsylvania.  *See* Decl. of David Luczynski, Feb. 3, 2009 ("Luczynski Decl.") (filed with Def.'s

Mot. for Summ. J.) Ex. A.  As such documents are maintained only in the individual's personnel

file, which is maintained by the district office where the individual attorney works, the request

was forwarded to the U.S. Attorney's Office for the Eastern District of Pennsylvania, where a

_____

[1]  In addition to the Justice Department, the complaint identified other known and
unknown individuals as defendants in their official capacities only.  *See* Compl. ¶¶ 3, 4.
Because a FOIA action may be brought only against an agency and not an official, the court will
treat the action as one against the agency only.

search was conducted. *See* Luczynski Decl. ¶¶ 10, 11, 12. Echternach was no longer employed there, and that office no longer had custody of her personnel file. *Id.* ¶ 10. In fact, Echternach was no longer employed by the Department of Justice at all and, in accordance with federal regulation, her personnel file had been sent to the National Personnel Records Center. *See* Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 8 n.2 (quoting 5 C.F.R. § 293.307(a)); Luczynski Decl. ¶ 10. Accordingly, the defendant advised the plaintiff to contact the National Personnel Records Center. *See* Luczynski Decl. ¶ 6 & Ex. C. The requested documents relating to Zaumer were released to the plaintiff, first with Zaumer's signature redacted, and later with no redaction.[2] *See id.* Exs. C, G. Each of the two released documents is entitled "Appointment Affidavits" and each includes the oath of office; one is dated March 5, 1990 and bears a handwritten notation "14 mo appt," and the other is dated September 6, 1990 and bears a handwritten notation "conv/perm." *See id.* Ex. G. Having concluded its search and produced all responsive documents that were located, the defendant moved for summary judgment.

The plaintiff timely filed an opposition[3] to the defendant's motion arguing that the search was inadequate because Zaumer's "letter of appointment" and the requested documents relating to Echternach were not located. *See* Plaintiff's Opp'n/Response to Defendant(s) Mot. for Summ. J. ("Opp'n") at 1. More specifically, the plaintiff argues that the defendant's supporting

---

[2] The defendant has explained that the redaction of Zaumer's signature was to guard against attempted forgeries. *See* Def.'s Stmt. of Material Facts as to Which There Is No Genuine Dispute ¶ 12.

[3] The defendant's characterization of the plaintiff's opposition as "untimely," *see* Def.'s Reply at 1, is incorrect. The plaintiff's opposition was due March 11, 2009. The submission indicates that the papers were given to prison staff for mailing on March 6, 2009. Under the "prison mailbox rule," *see Houston v. Lack,* 487 U.S. 266, 270-71 (1988), the papers are considered filed as of the date they are submitted for mailing to prison authorities.

declaration did not describe the filing system searched, or the search terms and methods used, and did not aver "that all files likely to contain responsive records were searched." Opp'n at 2. On this basis, the plaintiff requests that summary judgment be denied.[4]

## II. ANALYSIS

Under Rule 56 of the Federal Rules of Civil Procedure, a motion for summary judgment must be granted if the pleadings and evidence on file show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party. *Id.* at 255. The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *id.* at 248, that would permit a reasonable jury to find in his favor, *Laningham v. U.S. Navy,* 813 F.2d 1236, 1241 (D.C. Cir. 1987). The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion."

---

[4] The plaintiff also filed a sur-reply. *See* "Plaintiff's Reply to Defendants' Motion for Summary Judgment Reply" ("Sur-reply"). The Local Civil Rules provide only for the filing of a motion, a response, and a reply. *See* Local Civil Rule 7. They do not contemplate a sur-reply, and the plaintiff did not seek leave to file one. The sur-reply, aside from restating points already made in the opposition, offers only frivolous arguments unsupported by either logic or evidence. *See, e.g.,* Sur-reply at 1 (arguing that the search was inadequate and incomplete because the two Appointment Affidavits for Zaumer executed in 1990 were "irrelevant, misplaced [and] outdated") (punctuation altered). Because leave to file the sur-reply would have been denied had it been sought, the plaintiff's sur-reply will not be separately addressed here.

*Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner,* 689 F.2d 100, 102 (7th Cir.1982)).

In a FOIA suit, an agency is entitled to summary judgment once it satisfies its burden of demonstrating that no material facts are in dispute and that it has conducted a search of records in its custody or control, *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 150-51 (1980), that is reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  Because the defendant released in full the responsive documents it located, the only dispute in this case is whether the defendant's search was reasonable.

To show that its search was reasonable, the agency must demonstrate that when "viewing the facts in the light most favorable to the requester, . . . [it] has conducted a search reasonably calculated to uncover all relevant documents," *Steinberg v. United States Dep't of Justice,* 23 F.3d 548, 552 (D.C. Cir. 1994) (internal quotation marks omitted), that are in its custody or control, *see Kissinger,* 445 U.S. at 150-51; *McGehee v. C.I.A.,* 697 F.2d 1095, 1110 (D.C. Cir. 1983).  To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail and in a non-conclusory fashion the scope and method of the agency's search. *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982).  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  In the absence of contrary evidence, such affidavits or declarations are sufficient to

demonstrate an agency's compliance with the FOIA.  *Perry,* 684 F.2d at 127.  A search need not

be exhaustive, *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985), and the

adequacy of a search is not determined by its results, but by the method of the search itself,

*Weisberg,* 745 F.2d at 1485.  An agency's failure to find a particular document does not

necessarily indicate that its search was inadequate.  *Wilber v. CIA,* 355 F.3d 675, 678 (D.C. Cir.

2004); *Nation Magazine v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

     Plaintiff's contention that the defendant's search was not adequate has no evidentiary

support and lacks merit.  The agency declaration explains in plain terms that it searched for the

requested documents in the only files where such documents are maintained:   in the individual

employee's personnel file in the office where the employee worked, provided that the employee

is still working there.  *See* Luczynski Decl. ¶ 10, 11, 12.  The plaintiff's claim that the agency

declaration did not aver "that all files likely to contain responsive records were searched," Opp'n

at 2, is flatly contradicted by the declaration itself.  *See* Luczynski Decl. ¶ 11 ("Since the request

was for information about particular employees the ***most likely, and only, place*** where such

records are kept is the personnel file.") (emphasis added); *see also id.* ¶ 12 ("There are no other

records systems or locations within the Eastern District of Pennsylvania in which other files

pertaining to Plaintiff's FOIA request were maintained.").  Plaintiff's assertion that the

declaration did not describe the filing system searched, *see* Opp'n at 2, is also contrary to the

express statements in the declaration.  The declaration states that the filing system searched was

the "Personnel File System in the United States Attorneys Office for the Eastern District of

Pennsylvania."  Luczynski Decl. ¶ 11.  Furthermore, in light of the statements in the declaration,

*see id.* ¶¶ 10-11, there can be no genuine issue that the "search term" used was the individual's

employee's name, and that the "method" used to search was to look through the individual's personnel file folder for the requested documents.

The failure to locate a particular document does not mean that the search was inadequate. *Wilber,* 355 F.3d at 678. As for the alleged failure to produce Zaumer's "letter of appointment," *see* Opp'n at 1, the plaintiff has offered no evidence, and there is no reason to conclude, that such a letter in the form envisioned by the plaintiff ever existed,[5] or that if it ever did exist, it exists now. As to the failure to produce any of Echternach's requested documents, the defendant has fully explained its search results: it does not have custody or control of the only records where the requested documents are likely to be found. The FOIA does not require an agency to search a file that is not in its custody or control. *Kissinger,* 445 U.S. at 150-51; *McGehee,* 697 F.2d at 1110.

The Luczynski declaration describes a search that meets the requirements of the FOIA, and the plaintiff has not identified a genuine issue of material fact concerning the reasonableness of the search. As there are also no issues of fact relating to the release of documents, the defendant is entitled to judgment as a matter of law. A separate final order accompanies this memorandum opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
Date: August 31, 2009                                   United States District Judge

---

[5] A reasonable surmise is that the "Appointment Affidavit," which was released to the plaintiff, is all that exists in the way of what plaintiff terms a "letter of appointment."